**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Kemp, | ) |
|     Petitioner, | ) No. CV-00-50-TUC-FRZ |
| vs. | ) <u>DEATH PENALTY CASE</u> |
| Dora B. Schriro, et al., | ) |
|     Respondents. | ) **ORDER RE:**<br>) **MOTION FOR RECONSIDERATION** |

Pending before the Court is Petitioner's Motion to Reconsider the Court's September 17, 2007 Order (Dkt. 112), to the extent it denied discovery and dismissed Claims 3 and 12. Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Petitioner contends the denial of discovery was clear error and reconsideration is necessary to prevent a manifest injustice.

The Court dismissed Claims 3 and 12, in part, because it determined that the interactions between Petitioner and Officers Compton and Jackson did not constitute interrogation and was not designed to deliberately elicit incriminating statements. Petitioner contends that the discovery he seeks will help him prove that the officers acted intentionally

1 to elicit incriminating statements and, therefore, it was interrogation. Specifically, Petitioner
2 seeks pattern and practice evidence that Pima County correctional officers were trained to
3 elicit incriminating statements and memorialize them for the prosecutors.

Petitioner contends that, pursuant to *Bracy*, he need only have a plausible theory to establish good cause for discovery. In *Bracy*, although the petitioner was asserting a "theory" of corruption, the judge at issue had been convicted of taking bribes in other cases, the trial lawyer was part of a law practice that had engaged in corrupt behavior, and the schedule of Petitioner's trial and the short time in which the appointed attorney agreed to prepare for the trial were supportive of Petitioner's corruption theory. *Bracy v. Gramley*, 520 U.S. 899, 907-08 (1997). In contrast, Petitioner does not allege that Officers Compton and Jackson have a pattern of improper interrogation or that any discovery will demonstrate such a pattern. In fact, Officer Jackson testified that he did not report his interaction with Petitioner until weeks later when Officer Compton informed him that he had reported a similar statement from Petitioner. (RT 6/2/93 at 168-69.) This undermines Petitioner's theory that the officers were trained to memorialize and report incriminating statements.

Further, the only examples upon which Petitioner relies to support his allegations are cases in which other corrections officers overhead and reported incriminating statements by inmates. Listening to a conversation, without more, is not unconstitutional. *See Rhode Island v. Innis*, 446 U.S. 291, 300 (1980) (noting that not all custodial statements are inadmissable because "[v]olunteered statements of any kind are not barred by the Fifth Amendment"); *Kuhlmann v. Wilson*, 477 U.S. 436, 459 (1986) (finding that the Sixth Amendment is only violated by action, which must go beyond just listening).

Petitioner's case is significantly different than the facts of *Bracy* because Petitioner has no support for his theory that correctional officers were trained to intentionally elicit incriminating statements or that it happened in his case.

Therefore, there is no good cause for discovery. Petitioner has not demonstrated clear error in the Court's order.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Dkt. 113) is **DENIED**.

DATED this 19th day of December, 2007.

*Frank R. Zapata*
FRANK R. ZAPATA
United States District Judge

- 3 -