**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Kemp,<br><br>   Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>   Respondents. | No. CV-00-0050-TUC-FRZ<br><br>DEATH PENALTY CASE<br><br><br>**ORDER AND**<br>**CERTIFICATE OF APPEALABILITY** |

  Before the Court is Petitioner's Motion to Alter or Amend the Judgment. (Dkt. 117.) On September 11, 2008, the Court denied Petitioner's amended habeas corpus petition, denied a certificate of appealability (COA), and entered judgment. (Dkts. 115, 116.) In the present motion, Petitioner asks the Court to alter or amend the judgment with respect to its ruling on the merits of Claim 2. Petitioner also requests that the Court grant a COA as to Claims 2, 3, and 12.[1]

## DISCUSSION

  A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error.

---

[1] The Court denied Claims 3 and 12 in an order dated September 17, 2007, addressing Petitioner's requests for evidentiary development. (Dkt. 112.)

*McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### Request to Alter or Amend Claim 2

Petitioner alleges that he was denied his right to an unbiased jury based on the trial court's refusal to allow him to voir dire the jury panel regarding potential homosexual bias. The Court denied relief, finding that the Arizona Supreme Court's rejection of the claim was not contrary to or an unreasonable application of clearly established federal law as required for habeas relief under 28 U.S.C. § 2254(d)(1). (Dkt. 115 at 11-16.) Petitioner asserts that the Court committed clear error in reaching this conclusion. Specifically, Petitioner contends that based upon the principles annunciated in *Ham v. South Carolina*, 409 U.S. 524 (1973), voir dire of his jury panel on the issue of potential homosexual bias was constitutionally compelled.

In order to be entitled to habeas relief under § 2254(d)(1), Petitioner must show that the Arizona Supreme Court's denial of the claim – i.e., its failure to extend the holding in *Ham* to the circumstances of Petitioner's trial – was "not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (per curiam); *see Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004). Petitioner has not made this showing.

As the Court previously explained, *Ham* and its progeny, including *Ristaino v. Ross*, 424 U.S. 589 (1981), specifically address racial bias; no Supreme Court precedent has extended the application of these holdings to other contexts.[2] *See King v. Lynaugh*, 850 F.2d 1055, 1059 (5th Cir. 1988) ("Racial prejudice and widespread and provocative pretrial

---

[2] Petitioner accuses the Court of being both "disingenuous" and "unhelpful" in its citation to *Healy v. Spencer*, 453 F.3d 21 (1st Cir. 2006). Contrary to Petitioner's criticism, the Court accurately characterized the relevant portion of *Healy*. The Court included the reference to *Healy* because the discussion contained therein indicates, consistent with this Court's conclusion, that there is no clearly established federal law requiring voir dire on the issue of homosexual bias. Petitioner has cited no cases standing for the contrary proposition.

publicity have furnished the only grounds accepted to date by the Supreme Court for a constitutional challenge to the trial court's voir dire procedure."); *see also Hamling v. United States*, 418 U.S. 87, 139 (1974) (affirming, based on *Ham*, the district court's refusal to inquire whether jurors' "educational, political, and religious beliefs might affect their views on the question of obscenity").

Nonetheless, Petitioner contends that "*Ham* supplies the analytical framework for the claim that Petitioner brings here, and it should be applied on a case-by-case basis to circumstances where bias could be directed by a juror against a criminal defendant who is a member of a suspect class." (Dkt. 117 at 5.) This assertion is unpersuasive on several counts. First, unlike racial minorities, homosexuals have not been defined as members of a "suspect class."[3] Second, the Court in *Ham* emphasized that the basis of its holding was the distinct significance of issues of racial prejudice. 409 U.S. at 528 ("The inquiry as to racial prejudice derives its constitutional stature from the firmly established precedent of *Aldridge* [*v. United States*, 283 U.S. 308 (1931)], and the numerous state cases upon which it relied, and from a principal purpose as well as from the language of those who adopted the Fourteenth Amendment."). Finally, the Supreme Court has acknowledged that the AEDPA limits the degree to which the Court's holding can be extended to new contexts. *Yarborough v. Alvarado*, 541 U.S. at 666 ("Section 2254(d)(1) would be undermined if habeas courts introduced rules not clearly established under the guise of extensions to existing law.") Based upon these considerations, clearly established federal law, as set forth in *Ham* and its progeny, does not compel voir dire on the issue of homosexual bias.

---

[3] In neither *Romer v. Evans*, 517 U.S. 620 (1996), cited by Petitioner, nor *Lawrence v. Texas*, 539 U.S. 558 (2003), did the Supreme Court hold that homosexuals were a suspect class for purposes of equal protection analysis. *See Cook v. Gates*, 528 F.3d 42, 61 (1st Cir. 2008) ("Absent additional guidance from the Supreme Court, we join our sister circuits in declining to read *Roper* as recognizing homosexuals as a suspect class for equal protection purposes."); *see also Holmes v. Cal. Army Nat'l Guard,* 124 F.3d 1126, 1132 (9th Cir. 1997) ("homosexuals do not constitute a suspect or quasi-suspect class").

- 3 -

Additionally, as the Court previously explained, even if the decision in *Ham* could properly be extended to demand voir dire on the issue of homosexual bias, the Arizona Supreme Court's denial of this claim was not unreasonable. In *Ristaino*, the United States Supreme Court, clarifying its holding in *Ham*, determined that voir dire on the issue of racial prejudice is constitutionally mandated where circumstances exist which raise a significant likelihood that issues of race and of bias will infect the trial. 424 U.S. at 596-98. As the Supreme Court explained in a subsequent case:

> *Ham* involved a black defendant charged with a drug offense. His defense was that the law enforcement officers had "framed" him in retaliation for his active, and widely known, participation in civil rights activities. The critical factor present in *Ham*, but not present in *Ristaino*, was that racial issues were "inextricably bound up with the conduct of the trial," and the consequent need, under all the circumstances, specifically to inquire into possible racial prejudice in order to assure an impartial jury. *Ristaino, supra*, 424 U.S., at 596, 597, 96 S. Ct., at 1021. Although *Ristaino* involved an alleged criminal confrontation between a black assailant and a white victim, that fact pattern alone did not create a need of "constitutional dimensions" to question the jury concerning racial prejudice. 424 U.S., at 596, 597, 96 S. Ct., at 1021, 1022. There is no constitutional presumption of juror bias for or against members of any particular racial or ethnic groups. As *Ristaino* demonstrates, there is no *per se* constitutional rule in such circumstances requiring inquiry as to racial prejudice. *Id.*, at 596, n. 8, 96 S. Ct., at 1021, n. 8. Only when there are more substantial indications of the likelihood of racial or ethnic prejudice affecting the jurors in a particular case does the trial court's denial of a defendant's request to examine the jurors' ability to deal impartially with this subject amount to an unconstitutional abuse of discretion.

*Rosales-Lopez v. United States*, 451 U.S. 182, 189-190 (1981).

Here, there were no special circumstances of the type present in *Ham* mandating voir dire on the issue of bias. Petitioner does not allege that "the matters at issue in his trial involved allegations of [homosexual] prejudice: neither the Government's case nor his defense involved any such allegations." *Rosales-Lopez*, 451 U.S. at 192. Instead, he asserts that evidence of his homosexuality alone was sufficient to mandate voir dire on the issue of bias. This assertion is contrary to *Ham*'s requirement that special circumstances must exist before such voir dire is constitutionally compelled.

For these reasons, the Arizona Supreme Court's rejection of this claim was not objectively unreasonable and Petitioner is not entitled to relief under 28 U.S.C. § 2254(d)(1).

- 4 -

This Court did not err in denying Claim 2 on the merits, and Petitioner's motion to alter or amend is denied.

### **Request for COA: Claims 2, 3, and 12**

In Claim 3, Petitioner alleged that the admission of Petitioner's statements to two correctional officers was unconstitutional because the statements were not voluntary, were taken in violation of *Miranda* and *Edwards*, and violated his right to counsel. Claim 12 alleged that there was insufficient evidence to support a finding of death eligibility under *Enmund/Tison* if the statements to the correctional officers had been excluded. The Court denied these claims based on its conclusion that the officers did not subject Petitioner to interrogation because their brief, routine contacts with him were not reasonably likely to elicit an incriminating response. (Dkt. 112 at 9-10.) Petitioner here reiterates his argument that the conduct of the correctional officers may have been the functional equivalent of interrogation, a "theory" that might find support in as yet undeveloped evidence that "Pima County correctional officers were trained . . . to elicit incriminating statements from inmates and to memorialize them for the Pima County Attorney's Office for use in criminal trials." (Dkt. 117 at 9.)

Petitioner seeks a COA on these claims, as well as Claim 2. A COA may issue when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that the issues are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). The Court finds that Petitioner has made that showing with respect to Claims 2, 3, and 12.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment (Dkt. 117) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is granted with respect to the following issues:

Whether Claim 2 of the Amended Petition – alleging that Petitioner's right to a fair and unbiased jury was violated by the trial court's refusal to allow voir dire on the issue of homosexual bias – is meritorious.

Whether Claim 3 of the Amended Petition – alleging that the admission of Petitioner's statements to two correctional officers was unconstitutional – is meritorious.

Whether Claim 12 – alleging that there was insufficient evidence to support a finding of death eligibility if the statements to the correctional officers had been excluded – is meritorious.

DATED this 29th day of September, 2008.

*Frank R. Zapata*
FRANK R. ZAPATA
United States District Judge